UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA WILSON, et al.,

    Plaintiffs,

v.                                    Case No.: 8:10-CV-489-T-27EAJ

SARASOTA COUNTY SHERIFF'S
DEPARTMENT and ANIMAL SERVICES
DIVISION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court is Defendants' **Motion to Dismiss Complaint** (Dkt. 6).[1] Pro se Plaintiffs have not responded to the motion and the deadline for doing so has passed;[2] Plaintiffs are deemed to have no objection to the relief Defendants seek. Upon considering this and the merits of Defendants' arguments, I recommend that Defendants' motion be granted.

**1.    Background**

Plaintiffs' Complaint is actually a letter detailing an encounter between Plaintiffs and the Sarasota County Sheriff's Department that eventually led to the seizure of Plaintiffs' pets. Plaintiffs name the Sarasota County Sheriff's Department and the Animal Services Division as Defendants and request "help enforcing the Americans with Disabilities Act against Sarasota County." Plaintiffs also mention the Fifth Amendment to the United States Constitution but do not otherwise suggest

---

[1] The District Judge referred Defendants' motion to the undersigned for the issuance of a Report and Recommendation (Dkt. 7). See 28 U.S.C. § 636(b).

[2] Defendants' certificate of service attached to their motion indicates that Defendants mailed a copy of their motion to Plaintiffs' address as listed on CM/ECF.

a basis for their cause of action (Dkt. 2 at 3). Defendants removed this case to federal court on February 23, 2010 and moved the court to dismiss Plaintiffs' Complaint for non-compliance with the pleading requirements of Fed. R. Civ. P. 8, among other reasons.

**2.    Analysis**

The court construes pro se filings liberally. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Nevertheless, pro se parties are "subject to the relevant law and rules of Court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Further, despite the leniency afforded to pro se plaintiffs, the court does not have "license to ... rewrite an otherwise deficient pleading." GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001). Shotgun pleadings are prohibited by Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished) (citation and internal quotation marks omitted). A complaint may be dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2) if the plaintiff can prove no set of facts that would entitle him to relief. Id. (citation omitted).

Plaintiffs' Complaint is short but not plain. It does not set out separate counts or even purport to advance a particular legal theory. Instead, in their letter Plaintiffs blame neighbors, deputies, and unnamed animal service officers for allegedly illegal behavior resulting in Plaintiff Jessica Wilson's increased blood pressure. Plaintiffs accuse Defendants of taking their pets from

their home through intimidation and of conspiring to poison one of their pets. Importantly, Plaintiffs complain about Defendants' actions in removing their pets, but draw no connection between this and the ADA or the Fifth Amendment, which appear to provide the basis for their claims. Plaintiffs fail to mention how they are disabled, for example, or how their disabilities relate to the incidents with the police.

Plaintiffs' Complaint levels disjointed, disorganized, and almost incomprehensible accusations at police officers, among others. Defendants cannot frame a responsive pleading. Although a plaintiff need not allege specific facts to survive a motion to dismiss, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). Even accepting Plaintiffs' allegations as true and construing the Complaint liberally, Plaintiffs have failed to comply with the pleading requirements of Fed. R. Civ. P. 8.

Accordingly, the court **RECOMMENDS**:

(1)    Defendants' **Motion to Dismiss Complaint** (Dkt. 6) be **GRANTED**; and

(2)    Plaintiffs' Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 8.

Dated: June 28, 2010

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiffs
Counsel of Record
District Judge