# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JESSICA WILSON, et al.,**

      **Plaintiffs,**

**vs.**                             **Case No.: 8:10-CV-489-T-27EAJ**

**SARASOTA COUNTY SHERIFF'S
DEPARTMENT and ANIMAL SERVICES
DIVISION,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the court is Defendants' **Motion to Dismiss Second Amended Complaint** (Dkt. 20)[1] and pro se Plaintiffs' **Answer for Defendants** [sic] **Motion to Dismiss Second Amended Complaint** (Dkt. 21).  For the reasons explained below, the undersigned **RECOMMENDS** that Defendants' motion be **GRANTED**.

This cause comes before the court on Defendants' third motion to dismiss.  Plaintiffs' original complaint was actually a letter detailing Plaintiffs' encounter with a Sarasota County Sheriff's deputy and Animal Services employees.  The court dismissed the original complaint without prejudice for failing to comply with the pleading standard of Rule 8(a), Fed. R. Civ. P. (Dkts. 11, 13).  Plaintiffs then filed an amended complaint that was also dismissed after Plaintiffs failed to respond to Defendants' second motion to dismiss (Dkt. 18).  Plaintiffs then filed a second amended complaint that is the subject of Defendants' latest motion to dismiss.

---

[1]  The District Judge referred the motion to the undersigned for a Report and Recommendation (Dkt. 22).  See 28 U.S.C. § 636(b) (2006).

## Background[2]

Plaintiffs' plight began when a Sarasota County Sheriff's deputy showed up at Plaintiffs' door and threatened Plaintiffs Jessica Wilson and Ted Wilson with arrest if they did not allow an Animal Services employee to inspect their pets and property. Animal Services conducted the inspection without incident.

As the deputy and the Animal Services employee prepared to depart, another Animal Services employee arrived and demanded that Plaintiffs forfeit their pets. Plaintiffs allege that the second Animal Services employee used "entrapment tactics" and threatened them with arrest if they did not comply. Neither the Sheriff's deputy nor the Animal Services employees had a warrant. The entire incident took place in front of Plaintiffs' seven-year-old, disabled son, and some of the confiscated pets were his "therapy animals."

Plaintiffs were subsequently given a hearing in state court to regain custody of their animals. At the hearing, Plaintiffs presented evidence concerning their care of the animals and third-party testimony that the animals were "a necessary part of [Plaintiffs'] existence." According to Plaintiffs, the court ignored their evidence and was unfairly deferential to Sarasota County.

## Discussion

Defendants argue that Plaintiffs' second amended complaint should be dismissed because neither the Sarasota County Sheriff's Department nor the Animal Services Division are legal entities subject to suit. Defendants also contend that the complaint fails to meet the pleading standard of Rule 8(a), Fed. R. Civ. P. Finally, Defendants submit that even if Plaintiffs' complaint had named

---

[2] The following background facts are drawn from Plaintiffs' complaint and are construed in the light most favorable to Plaintiff. See Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1532, 1534 (11th Cir. 1994).

the proper defendants and met the pleading standard of Rule 8, Plaintiffs' substantive claims fail as a matter of law.

## 1.      Proper Parties to the Suit

With a few exceptions, the capacity to sue or be sued is determined by: (1) the law of an individual's domicile for an individual not acting in a representative capacity; (2) the law of the state where corporation is organized for a corporation; and (3) the law of the state where the court sits for all other parties.   Fed. R. Civ. P. 17(b).   Under the Florida Constitution, Florida is divided into political subdivisions called "counties."   Fla. Const. art. VIII § 1(a).   Each county has separately elected constitutional officers, including a Sheriff.   Id. § 1(d).   Florida law does not provide for a Sheriff's Department as a separate legal entity.   As a result, the Sarasota County Sheriff's Department is not a legal entity subject to suit.   See, e.g., Oates v. Jackson Cnty Sheriff's Office, No. 5:09cv303/RS-MD, 2010 WL 785657, at *2 (Mar. 4, 2010).   For claims against a Sheriff's department, the appropriate defendant is the Sheriff in his official capacity.   Id.

A local government agency does not have a separate identity from its parent local government.   See Brandon v. Holt, 469 U.S. 464, 472-73 (1985).   In Sarasota County, the Sheriff is responsible for the Animal Services department.   See Sarasota Cnty. Sheriff's Office, Animal Services, http://www.sarasotasheriff.org/template_s_1view.asp?code=PublicInterest_Animal_Main (last visited Dec. 23, 2010).   Sarasota County Animal Services does not have a separate identity from the Sheriff; therefore, it is not a separate entity subject to suit.

Plaintiffs' complaint should be dismissed because it does not name any defendants with the capacity to be sued.   However, this does not end the inquiry because Plaintiffs' complaint contains other defects that warrant discussion.   Even if Plaintiffs had sued the Sheriff in his official capacity,

their complaint would still fail to state a claim upon which relief can be granted.

**2.      Sufficiency of Plaintiffs' Complaint and Failure to State a Claim**

A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).  The court construes pro se filings liberally.  Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).  Nevertheless, pro se parties are "subject to the relevant law and rules of Court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Further, despite the leniency afforded to pro se plaintiffs, the court does not have "license to . . . rewrite an otherwise deficient pleading." GJR Inv., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

To survive Rule 12(b)(6) dismissal, a plaintiff must allege more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The court must view allegations of the complaint in the light most favorable to the plaintiff, find plaintiff's allegations to be true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1532, 1534 (11th Cir. 1994).  However, the "[f]actual allegations must be enough to raise a right of relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555.  Likewise, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts" will subject a complaint to dismissal. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).  Factual allegations do not need to be in detail, but do demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  More simply, factual allegations must permit a court reviewing a motion to dismiss "to draw the reasonable inference that the defendant

is liable for the misconduct alleged" under some viable legal theory.   Id.

Plaintiffs allege that: Defendants searched their property and confiscated their pets without a warrant and under the threat of arrest; that this incident took place in front of their disabled, minor son; and that several of the pets were his therapy animals.   Plaintiffs' complaint also details a related state court hearing where Plaintiffs presented evidence regarding their care of the animals and  the importance of the animals to Plaintiffs.   Plaintiffs characterize the hearing as unfair because the court ignored Plaintiffs' evidence.

As a legal basis for their cause of action, Plaintiffs cite the Fourth Amendment, which they say "precludes unreasonable searches and seizures without due process."   Plaintiffs also argue that constitutional contract law provides them legal right to own animals.   Finally, Plaintiffs contend that the animals were seized "without regard to the fact that they have certain exemptions per the American [sic] with Disabilities Act and more specifically § 828.103(1)(A) Fla. Stat."   Plaintiffs' request for relief asks the court to "review this Travesty" and to grant "other relief as this court deems justifiable."

### a.      Plaintiffs' Request for Relief

Plaintiffs' request for  relief is nonspecific, and it does not satisfy Rule 8(a)(3).   However, the "sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose."   5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1209 (3d ed. 2010) (footnote omitted).   Thus, Plaintiffs' indeterminate request for relief does not justify dismissal.

### b.      Plaintiffs' Constitutional Claims

Construed liberally, Plaintiffs' complaint alleges that Sheriff's deputies violated Plaintiffs'

Fourth Amendment rights by conducting an unreasonable search of their home and seizure of their pets. Plaintiffs also appear to advance due process claims, alleging that they were deprived of property without a meaningful opportunity to be heard. Plaintiffs also allude to some form of constitutional contract law that gives them a right to own animals. However, any such claims are frivolous as there is nothing to suggest that the government interfered with Plaintiffs' right to contract. Lochner v. New York, 198 U.S. 45 (1905) (recognizing a right to contract under the Fourteenth Amendment).

Section 1983 provides a cause of action to an individual who has been deprived of his or her constitutional rights by a person acting under the color of law. 42 U.S.C. § 1983 (2006). Local governments are included among those persons to whom § 1983 applies. See Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 690 (1978). A local government cannot be held liable under § 1983 solely because it employs a tortfeasor; in other words, a local government cannot be held liable on the theory of respondeat superior. Id. at 691. To establish § 1983 liability against a local government, there must be a policy or custom behind the deprivation of a constitutional right. Id. at 690-91. The custom or policy must be the "moving force of the constitutional violation." Id. at 694. To prove the existence of an unlawful custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express policy, "is so permanent and well settled as to constitute a custom or usage with the force of law." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (citation and internal quotation marks omitted).

Plaintiffs' complaint is a threadbare account of a single court hearing and an isolated encounter with a Sarasota County Sheriff's deputy and Animal Services workers. There are no allegations concerning an unlawful policy or custom. Had Plaintiffs sued the Sheriff in his official

6

capacity, their complaint would still require dismissal as to any constitutional claims.

**b.      Plaintiffs' ADA and State Law Disability Claims**

To sustain a claim under the Americans with Disabilities Act ("ADA"), a plaintiff must show that he or she is a qualified individual with a disability and was subject to discrimination by a public entity because of the disability.  42 U.S.C. § 121232 (2006); see also Harris v. H&W Contracting Co., 102 F.3d 516, 519 (11th Cir. 1996).  An individual is considered disabled when he or she has "a physical or mental impairment that substantially limits one or more major life activities" or when he or she is subject to discrimination because of an actual or perceived physical or mental impairment.  42 U.S.C. § 12102 (2006).

Plaintiffs allege that they were "singled out for prosecution" without regard to their exemptions under the ADA and state law.  Also, they allege that their minor son is disabled and that their pets served a therapeutic purpose.

Viewing the evidence in the light most favorable to Plaintiffs, the allegations of disability discrimination amount to no more than labels and conclusions.  Plaintiffs have not pleaded any facts that establish a qualifying disability under the ADA, and they have not drawn a connection between any alleged disability and Defendants' actions.

## Conclusion

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)      Defendants' **Motion to Dismiss Second Amended Complaint** (Dkt. 20) be

         **GRANTED**; and

(2)      Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE.**

ELIZABETH A JENKINS
United States Magistrate Judge

Dated: January 7, 2011

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
<u>Pro</u> <u>se</u> Plaintiffs
Counsel of Record
District Judge

8