UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA WILSON, et al.,

        Plaintiffs,

vs.                                            Case No.: 8:10-cv-489-T-27EAJ

SARASOTA COUNTY SHERIFF'S
DEPARTMENT, and ANIMAL SERVICES
DIVISION,

        Defendants.
_____/

## ORDER

BEFORE THE COURT is the Magistrate Judge's Report and Recommendation (Dkt. 24) on Defendants' motion to dismiss Plaintiff's second amended complaint (Dkt. 20). The Magistrate recommends that the motion (Dkt. 20) be granted. None of the parties have filed timely objections. Upon consideration of the Report and Recommendation, along with an independent review of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

In addition to the grounds discussed by the Magistrate, it appears that Plaintiffs are attempting to assert a procedural due process claim which is not cognizable. "It is well-settled that a constitutional violation is actionable under [42 U.S.C.] § 1983 'only when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" *Reams v. Irvin*, 561 F.3d 1258, 1266 (11th Cir. 2009) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation

1

of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). The inquiry is "whether the state courts, if asked, generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered." *Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty.*, 202 F.3d 1297, 1300 (11th Cir. 2000). Where an adequate remedy is available in state court, "then there is no federal procedural due process violation." *Id.*

Plaintiffs do not contend that an adequate remedy was unavailable to protect their interests following the seizure of their pets. To the contrary, Plaintiffs allege they were "given a hearing date in County Court," at which they presented veterinarian records, pictures of the animals' living conditions, and witness testimony. (Second Am. Compl. ¶ G). The crux of Plaintiffs' claim is simply that the state court credited Defendants' witnesses and evidence over theirs. This says nothing of the adequacy of the procedure afforded to Plaintiffs in the post-deprivation hearing and therefore fails to state a procedural due process claim.

## Conclusion

Accordingly, the Report and Recommendation (Dkt. 24) is adopted, confirmed, and approved, and is made part of this order for all purposes, including appellate review.

(1) Defendants' motion to dismiss (Dkt. 20) is GRANTED. The second amended complaint (Dkt. 19) is DISMISSED without prejudice.

(2) The Court is of the opinion that Plaintiffs should be given one final opportunity to amend. Plaintiffs are therefore granted leave to file a third amended complaint within twenty-one

(21) days of this order, failing which, this action will be dismissed for lack of prosecution under Local Rule 3.10 **without further notice.**

**DONE AND ORDERED** this 26th day of January, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Unrepresented parties
Counsel of record